UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jasmine Poole,
Plaintiff,

v.

D'Vonte Peters, Nicholas Zanchi, Douglas Police Department, Town of Douglas, John P. Stapleton, and Lisa J. Wells,

Defendants.

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS GUARANTEED BY 42 U.S.C. § 1983, INCLUDING FOURTH, FIFTH, AND SIXTH AMENDMENTS; DISABILITY DISCRIMINATION; AND MUNICIPAL LIABILITY**

## I. INTRODUCTION

This civil rights action arises from the unlawful, coercive, and retaliatory conduct of the above-named Defendants, all acting under color of law, which has directly and continually deprived Plaintiff Jasmine Poole, a private woman with a documented disability, of rights secured under the Constitution of the United States of America, federal statutes, and Massachusetts law.

Plaintiff brings this action not only to obtain redress for ongoing and continuing violations of her constitutional, statutory, and civil rights, but also to assert her superior rights as a private sovereign protected under the law, including the authority to seek judicial enforcement, equitable relief, and protection from threatened deprivation of life, liberty, and property without due process.

**Plaintiff asserts claims under:**

1. 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Sixth Amendments, including unlawful seizure, coercion, denial of due process, and malicious prosecution;

2. Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, for disability-based discrimination by public officials; and

3. The Massachusetts Tort Claims Act, M.G.L. c. 258, for municipal liability arising from wrongful acts and omissions of public employees acting within the scope of their authority.

Plaintiff further seeks equitable relief to prevent imminent and ongoing constitutional injury stemming from the threatened criminal proceedings in Commonwealth v. Jasmine Poole, Docket No. 2565CR000636, Discovery Compliance & Jury Election, scheduled 11/21/2025 at 09:00 AM, Courtroom 1 – Main Floor, which arise directly from coordinated misconduct, false charges, and fabricated procedural narratives orchestrated by Defendants.

Defendants' actions including unlawful seizure, detention, coerced disclosure of sensitive medical information, denial of counsel, fabrication of evidence, and discriminatory treatment based on Plaintiff's disability reflect a systematic pattern of constitutional violations.

These violations mirror those found actionable in Estate of Otto Zehm v. City of Spokane, 743 F.3d 609 (9th Cir. 2014), where law enforcement's mistreatment of a disabled individual resulted in liability under 42 U.S.C. § 1983 and the ADA. Accordingly, Plaintiff seeks redress for ongoing constitutional violations, equitable relief to prevent further misconduct, and compensatory and punitive damages.

## II. GOOD FAITH COMMUNICATIONS AND CONTINUING UNLAWFUL CONDUCT

Plaintiff has engaged in good-faith communications with all relevant parties in a documented effort to address and resolve the ongoing unlawful conduct by Defendants and associated individuals. Despite these repeated, diligent efforts including multiple submissions of documents, formal notices, and administrative communications all individuals and entities involved have persisted in unlawful, retaliatory, and coordinated actions.

Evidence indicates that Defendants and affiliated parties are actively coordinating false charges, fabricated narratives, and procedural simulations designed to create the appearance of a lawful judicial process in Commonwealth v. Jasmine Poole, Docket No. 2565CR000636, despite the absence of a lawful basis or a crime. These actions constitute a systematic attempt to manipulate and circumvent the law, violate Plaintiff's secured constitutional rights, and undermine the integrity of state and federal legal protections.

On August 16, 2025, at 9:31 a.m., Plaintiff successfully served via USPS and electronic mail the following:

- Lawful Demand & Notice of Intent to Pursue Legal Action: Violations of Federal and State Law, ADA, Constitutional Protections, Departmental Policy, and Perjury under 18 U.S.C. § 1621(2), involving Officers Peters, Zanchi, Breault, Wright, and Others, along with the Exhibit Packet in Support.

**Recipients included:**

- Jeanne Lovett, Finance Director / Town Accountant – jlovett@douglas-ma.gov – USPS Tracking #9590940292184295944702

- Randy Ravitz, General Counsel – randall.e.ravitz@mass.gov
- Matt Landry, Director of Standards – matthew.p.landry@mass.gov
- Lt. Travis Gould, Internal Affairs; Complaint Procedure – tgould@douglas-ma.gov
- Richard Bowen – richbowen1@hotmail.com
- John P. Stapleton and Lisa J. Wells, acting only in a ministerial, administrative capacity, not in a judicial role, and as agents of the involved agency (see Section IV below).

Confirmed receipt demonstrates Plaintiff's diligent, good-faith effort to resolve these matters administratively. Nevertheless, Defendants and affiliated parties have continued to engage in coordinated unlawful practices, demonstrating bad faith, concealment, and obstruction, necessitating this complaint.

### III. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132.

2. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all acts, omissions, and violations described herein occurred in Uxbridge County, Massachusetts, within the District of Massachusetts.

### IV. PARTIES

**Plaintiff:**

1. Jasmine Poole, a private woman residing in Worcester County, Massachusetts, with a documented disability protected under federal and state law.

**Defendants:**

1. D'Vonte Peters and Nicholas Zanchi, law enforcement officers employed by the Douglas Police Department, acting under color of state law.

2. Douglas Police Department, a municipal agency of the Town of Douglas.

3. Town of Douglas, a municipal corporation within the Commonwealth of Massachusetts.

4. John P. Stapleton (BBO #547592) and Lisa J. Wells (BBO #666430), attorneys acting in their official capacities as administrative officers, not in a judicial capacity. These individuals did not act as judges or exercise discretionary judicial authority, but rather functioned ministerially as extensions and agents of the involved state or municipal agencies, enforcing administrative procedures and statutory mandates. Their actions were limited to administrative functions, and any deprivation of Plaintiff's rights resulting from their conduct was under color of law in a ministerial capacity, not as a discretionary judicial officer.

## V. FACTUAL SUMMARY

### A. Pretextual Approach and Deceptive Seizure

1. On or about July 4, 2025, Defendants Peters and Zanchi approached Plaintiff under the false pretense of providing "fuel assistance", inducing contact without lawful justification or consent, constituting a warrantless seizure in violation of the Fourth Amendment.

2. Plaintiff was not operating a motor vehicle and was not subject to the jurisdiction of G.L. c. 90, § 24. The resulting administrative suspension of the driver's license (No. S70510470) was based on false, fabricated, and discriminatory reports, causing ongoing harm including emotional distress, economic loss, and infringement of her right to Movement and enjoy life.

### B. Absence of Probable Cause and Unlawful Detention

1. Plaintiff Jasmine Poole committed no criminal, traffic, or regulatory offense on July 4, 2025.

2. Defendants D'Vonte Peters and Nicholas Zanchi, acting under color of law, detained and interrogated Plaintiff without consent, probable cause, warrant, or judicial authorization.

3. This detention was intentionally coercive, creating a custodial environment designed to intimidate, threaten, and extract compliance.

4. The detention violated the Fourth Amendment's protection against unreasonable seizures and contravened the principles established in Terry v. Ohio, 392 U.S. 1 (1968), which limits detention to situations with specific and articulable facts supporting reasonable suspicion. No such facts existed, and the detention was purely pretextual.

5. Plaintiff suffered immediate and ongoing harm, including deprivation of liberty, emotional trauma, reputational injury, and economic disruption.

### C. Miranda and Sixth Amendment Violations

1. During the custodial interrogation, Defendants failed to administer Miranda warnings, deliberately eliciting statements without a knowing, intelligent, or voluntary waiver.

2. Plaintiff was denied access to counsel, including the right to self-representation, in violation of the Sixth Amendment.

3. These actions were intentional and coercive, with statements taken under duress, and were later used or intended to be used to justify administrative or criminal penalties against Plaintiff.

### D. Disability-Based Discrimination

1. Plaintiff, a woman with a documented disability, disclosed her disability in good faith and requested reasonable accommodations during investigatory procedures.

Defendants Peters and Zanchi:

- Denied all accommodations;

- Mocked and ridiculed Plaintiff's disability;

- Compelled participation in field sobriety tests that were unsafe and not adapted to her disability.

2. These actions constitute intentional discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, as Defendants deprived Plaintiff of equal access to public services and protections.

### E. Fabrication of Evidence and False Reporting

1. Defendants authored materially false police reports, fabricating evidence of intoxication, including:

- "Odor of alcohol"
- "Glassy eyes"
- "Slurred speech"

2. These fabricated observations were unsupported or credible observations.

3. Defendants used these false claims to justify Plaintiff's unlawful detention and the administrative suspension of driver's license (No. S70510470), violating her right to due process and equal protection under the law.

4. Plaintiff suffered immediate and continuing harm, including the deprivation of personal liberty, reputational injury, economic loss, and emotional distress.

## F Coercion, Retaliation, and Ministerial Acts by Stapleton and Wells

1. John P. Stapleton (BBO No. 547592), acting under color of law in a ministerial administrative capacity, compelled Plaintiff under duress to accept representation by Attorney Steven G. Cronis, Esq., against Plaintiff's express will and consent.

2. This coercion was facilitated through explicit intimidation, with Stapleton conveying that the alleged charges against Plaintiff were "serious", creating a heightened perception of imminent legal jeopardy and pressuring Plaintiff to surrender her constitutional right to self-representation and redress without delay.

3. Stapleton scheduled an administrative hearing for October 8, 2025, at 9:00 AM, Courtroom 1 Main Floor, without Plaintiff's consent, without lawful jurisdiction, and without probable cause.

4. During these proceedings, Stapleton compelled Plaintiff to disclose sensitive medical information, which was given to an unknown trial court officer acting on Stapleton's behalf, solely to defend Plaintiff's private and constitutional rights against false charges fabricated by other Defendants. This coercion violated Plaintiff's right to privacy, self-representation, and due process, and caused substantial emotional and psychological harm.

5. Lisa J. Wells (BBO No. 666430), acting as prosecutor, continues to pursue charges without probable cause despite the submission of a Verified Discovery Demand and Affidavit of Truth filed on the court of record in good faith.. Wells' actions, combined with Stapleton's ministerial enforcement, facilitated coercion, structural conflict of interest, and misrepresentation of facts, directly resulting in the forced disclosure of private medical information.

6. These ministerial acts, coordinated with law enforcement officers, created a systematic pattern of retaliation, enabling ongoing constitutional violations, including infringement of Plaintiff's Guarantee Fourth, Fifth, and Sixth Amendment rights.

7. Plaintiffs suffered concrete harm, including invasion of privacy, deprivation of liberty, emotional distress, reputational injury, and exposure to false criminal proceedings.

## G. Administrative Notice and Failure to Respond

1. Plaintiff's communications, including emails and USPS submissions, demonstrate coordinated actions among Defendants Peters, Zanchi, Stapleton, Wells, and other officials to fabricate charges and simulate a legal process in Commonwealth v. Jasmine

Poole, Docket No. 2565CR000636. These communications show a pattern of collusion and retaliation, designed to deprive Plaintiff of constitutional protections while giving the appearance of procedural legitimacy.

2. On August 16, 2025, Plaintiff served the Lawful Demand & Notice of Intent to Pursue Legal Action, along with supporting exhibits, on:

- Jeanne Lovett, Finance Director / Town Accountant
- Randy Ravitz, General Counsel
- Matt Landry, Director of Standards
- Lt. Travis Gould, Internal Affairs
- Richard Bowen

*(USPS Tracking #9590940292184295944702, electronic confirmation received).*

3. Despite full and documented good-faith service, the Defendants failed to uphold the law, protect or guarantee rights, correct, or remediate any of the unlawful conduct. This inaction demonstrates bad faith, deliberate indifference, and ongoing unlawful practices, including the use of ministerial officers and administrative agents to circumvent constitutional protections.

## H. Imminent Harm

1. Plaintiff faces immediate and ongoing risk of constitutional injury in the underlying criminal matter, Commonwealth v. Jasmine Poole, Docket No. 2565CR000636.

2. The next scheduled proceeding is on November 21, 2025, at 09:00 AM, Courtroom 1 – Main Floor, concerning Discovery Compliance & Jury Election. This proceeding arises directly from coordinated misconduct and fabricated charges by Defendants Peters, Zanchi, Stapleton, Wells, and others, as previously detailed.

The imminent risks include:

1. Continued deprivation of liberty through coercive, false, or pretextual actions;

2. Forced participation in unconstitutional proceedings without proper legal or procedural safeguards;

3. Compelled disclosure and misuse of sensitive medical and personal information, under duress;

4. Emotional, psychological, and reputational harm stemming from ongoing harassment, intimidation, and procedural violations.

5. Plaintiff's rights under the Fourth, Fifth, and Sixth Amendments, as well as Title II of the ADA, are at immediate risk.

6. Equitable relief, including a preliminary and permanent injunction, is necessary to prevent irreparable harm and to preserve Plaintiff's constitutional, statutory, and procedural rights.

## VI. LEGAL CLAIMS / COUNTS

### COUNT I – Unlawful Seizure (Fourth Amendment; 42 U.S.C. § 1983)
### Defendants: D'Vonte Peters and Nicholas Zanchi

1. Plaintiff incorporates all preceding allegations, including the documented coordinated attempts to fabricate legal narratives in Commonwealth v. Jasmine Poole, Docket No. 2565CR000636.

2. The Fourth Amendment guarantees the right to be secure against unreasonable seizures.

3. On July 4, 2025, Defendants, acting under color of law, unlawfully seized Plaintiff without probable cause, warrant, or consent, using a pretextual approach of "fuel assistance."

4. Defendants' actions were coordinated, deliberate, and targeted, exploiting Plaintiff's disability to effectuate an unlawful seizure and to initiate a simulated procedural framework.

5. As a result, Plaintiff suffered deprivation of liberty, emotional and psychological trauma, reputational harm, and economic and educational disruption.

Relief Sought: Compensatory and punitive damages, declaratory judgment, and injunctive relief under 42 U.S.C. §§ 1983 and 1988.

### COUNT II – False Arrest (Fourth Amendment; 42 U.S.C. § 1983 – Against All Individual Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

2. The Fourth Amendment prohibits arrests without probable cause or lawful justification.

3. Defendants unlawfully arrested Plaintiff without warrant, without observing any offense, and without facts establishing probable cause.

4. The arrest stemmed from deceit and coercion rather than lawful judicial process, motivated by discriminatory animus and malicious intent.

5. Plaintiff suffered loss of freedom, emotional injury, reputational damage, and financial harm.

Relief Sought: Declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT III – Excessive Detention (Fourth Amendment; 42 U.S.C. § 1983 – Against All Individual Defendants)

1. Plaintiff re-alleges all prior paragraphs.

2. After the unlawful seizure and arrest, Defendants continued detention beyond lawful authority, as part of a coordinated effort to simulate a legal process.

3. The prolonged detention violated the Fourth Amendment and demonstrated deliberate indifference to Plaintiff's constitutional rights.

4. Plaintiff suffered physical and emotional distress, loss of compensation, and deprivation of dignity and liberty.

Relief Sought: Compensatory and punitive damages, declaratory and injunctive relief, and costs as provided by 42 U.S.C. §§ 1983 and 1988.

### COUNT IV – Violation of the Fifth Amendment (Due Process and Takings Clause; 42 U.S.C. § 1983 – Against All Individual and Municipal Defendants)

1. Plaintiff incorporates all prior allegations, including the coordinated misconduct to fabricate charges and administrative actions.

2. Defendants deprived Plaintiff of property and liberty without due process by suspending her driver's license and restricting movement without notice, hearing, or lawful cause.

3. These deprivations were deliberate, coordinated, and part of a pattern to simulate lawful judicial proceedings, violating procedural and substantive due process.

4. Defendants' actions constituted an unconstitutional taking of Plaintiff's property without just compensation.

Relief Sought: Declaratory judgment, restitution, reinstatement of suspended privileges, compensatory damages, and such other relief as the Court deems just.

### COUNT V – Violation of the Fifth Amendment (Self-Incrimination Clause; 42 U.S.C. § 1983 – Against Individual Defendants)

1. Plaintiff re-alleges all prior paragraphs.

2. Defendants subjected Plaintiff to custodial interrogation without Miranda warnings, coercing self-incriminating statements.

3. This conduct was coordinated with other officials to generate false records and simulate criminal proceedings.

4. Plaintiffs suffered invasion of privacy, coercion, and risk of use of statements in legal proceedings without lawful authority.

Relief Sought: Declaratory judgment, suppression of unlawfully obtained statements, compensatory and punitive damages, and attorney's fees and costs under 42 U.S.C. § 1988.

### COUNT VI – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132 – Against Town of Douglas and Douglas Police Department)

1. Plaintiff incorporates all prior paragraphs.

2. Defendants, as public entities, intentionally discriminated against Plaintiff, exploiting her disability in a coordinated scheme to undermine her legal rights.

3. Discriminatory acts included:
   a. Failing to provide reasonable accommodations during investigatory procedures;
   b. Mocking and ridiculing Plaintiff's disability;
   c. Denying equal access to public services, programs, and activities.

Relief Sought: Compensatory and equitable relief, including damages, attorney's fees, and costs pursuant to 42 U.S.C. § 12133.

### COUNT VII – Municipal Liability (Monell; 42 U.S.C. § 1983 – Against Town of Douglas and Douglas Police Department)

1. Plaintiff incorporates all prior paragraphs.

2. The Town of Douglas and Douglas Police Department maintained policies, customs, and practices enabling coordinated misconduct and violations, including:
   a. Failure to properly train, supervise, and discipline officers in constitutional law, ADA compliance, and arrest procedures;
   b. Ratification of coordinated unlawful conduct;
   c. Pattern of tolerance toward false charges, simulated processes, and unlawful

detentions.

3. These failures were the moving force behind Plaintiff's injuries.

Relief Sought: Declaratory and injunctive relief, compensatory and punitive damages, and costs under 42 U.S.C. §§ 1983 and 1988.

### COUNT VIII – Declaratory and Injunctive Relief

1. Plaintiff seeks a judicial declaration that Defendants' actions—including coordinated false charges and procedural simulations—violated the Fourth and Fifth Amendments and the ADA.

2. Plaintiff further seeks preliminary and permanent injunctive relief prohibiting Defendants from engaging in further coordinated unconstitutional or discriminatory acts.

## COUNT IX – ADA Title II Violation (42 U.S.C. § 12132) – John P. Stapleton and Lisa J. Wells

Plaintiff incorporates all preceding allegations as if fully set forth herein.

1. Stapleton and Wells are public officials acting under color of law and within the scope of state administrative authority.

2. Plaintiff is a qualified individual with a documented disability known to Stapleton and Wells at all relevant times.

3. During administrative proceedings, Stapleton compelled Plaintiff to disclose sensitive medical information, which was delivered to an unknown trial court officer acting on Stapleton's behalf, solely to defend Plaintiff's private legal and constitutional rights against false charges fabricated by other Defendants.

4. These acts denied Plaintiff reasonable accommodations, subjected her to discriminatory treatment, and improperly accessed medical information in violation of her rights under the ADA.

5. Wells facilitated, ratified, and pursued these actions through coercion and procedural misconduct, enabling discriminatory treatment and creating a hostile administrative environment.

6. As a result, Plaintiff suffered emotional distress, reputational harm, and invasion of privacy.

WHEREFORE, Plaintiff requests the Court to award:

- Declaratory and injunctive relief prohibiting Stapleton and Wells from engaging in further discriminatory acts;

- Compensatory and equitable damages;

- Attorney's fees and costs pursuant to 42 U.S.C. § 12133; and

- Any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jasmine Poole respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. **Declaratory Relief:**

   - A judicial declaration that the actions of Defendants violated the Fourth, Fifth, and Sixth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, Title II of the ADA (42 U.S.C. § 12132), and applicable state law;

   - A declaration that Defendants Stapleton and Wells acted outside the scope of lawful ministerial authority and engaged in unconstitutional coercion.

2. **Injunctive and Equitable Relief:**

   - A preliminary and permanent injunction prohibiting Defendants from engaging in further unlawful, discriminatory, or retaliatory acts;

   - An order enjoining any threatened or ongoing criminal or administrative proceedings that arise from or are coordinated with the misconduct described herein;

   - An order requiring Defendants to cease unlawful seizures, detentions, coercion, and disclosure of private medical information;

   - Any additional equitable relief necessary to prevent imminent harm and preserve Plaintiff's constitutional, statutory, and private rights.

3. **Compensatory Damages:**

    o   For emotional, psychological, and reputational harm;

    o   For economic and educational losses, including loss of liberty and disruption of life;

    o   For deprivation of property, privileges, and procedural rights without due process.

4. **Punitive Damages:**

    o   Against individual Defendants for their willful, malicious, and reckless disregard of Plaintiff's constitutional and statutory rights.

5. **Attorney's Fees and Costs:**

    o   Pursuant to 42 U.S.C. §§ 1983 and 1988, Title II of the ADA, and any other applicable law, including reasonable costs of litigation.

6. **Restoration and Remediation:**

    o   Reinstatement of all suspended privileges and licenses unlawfully deprived;

    o   Expungement of false or fabricated records related to Plaintiff;

    o   Any other remedies the Court deems just and proper to redress ongoing violations and prevent future harm.

7. **All Other Relief:**

    o   Such further relief as the Court deems appropriate, equitable, and necessary under the circumstances, including any relief to protect Plaintiff's rights from irreparable and imminent harm.

### DEMAND FOR JURY TRIAL

Plaintiff Jasmine Poole hereby demands a trial by jury on all claims so triable.

## DECLARATION

I, Jasmine Poole, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my belief.

BY: _____

Jasmine Poole, Authorize representative
Appearing in In Propria Persona,
All Rights Reserved Without Prejudice

17th day of the Month of November Year of our Lord Two thousand and twenty five

**Complainant Information**
Name: Jasmine Poole, Petitioner
℅ 7 Stockholm St Apt 3 Worcester county, Massachusetts
Email: poolejasmine14@gmail.com
Phone: 508- 665-9091

## CERTIFICATE OF SERVICE

I, Jasmine Poole, hereby certify that on November \_\_\_18\_\_\_, 2025, a true and correct copy of the foregoing Emergency Notice of Filing Error and Request for Immediate Docket Correction, together with the Complaint for Violation of Constitutional Rights Guaranteed by 42 U.S.C. § 1983, Including Fourth, Fifth, and Sixth Amendments; Disability Discrimination; and Municipal Liability, and all accompanying exhibits, was served upon the following individuals by U.S. Postal Service, first-class mail, fax, and/or electronic mail, as indicated:

**Via Email / Fax:**

- D'Vonte Peters, Patrolman
  Email: dpeters@douglas-ma.gov | Fax: 508-476-3210

- Nicholas Zanchi, Patrolman
  Email: nzanchi@douglas-ma.gov | Fax: 508-476-3210

- John P. Stapleton (BBO No. 547592), Uxbridge District Court, Clerk's Office
  Email: cmuxbridgedc@jud.state.ma.us

- Administrative Office of the District Courts
  Email: aodc@jud.state.ma.us | Fax: 617-788-8985

- Lisa J. Wells (BBO No. 666430), Assistant District Attorney
  Worcester County District Attorney's Office
  225 Main St, Unit G301, Worcester, MA 01608
  Email: info.worcesterda@mass.gov | Fax: 508-831-9899

**Notice to Principal is Notice to Agent. Notice to Agent is Notice to Principal**